UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――x

MORGAN STANLEY & CO. LLC and MORGAN
STANLEY CAPITAL GROUP, INC.,

                      Petitioners/Cross-
                      Respondents,

          - against –

AMIT GUPTA,

                      Respondent/Cross-
                      Petitioner.

―――――――――――――――――――――――――x

No. 13-cv-6383 (TPG)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MAINTAIN
DOCUMENTS UNDER SEAL AND TO FILE ARBITRATION RECORD UNDER SEAL**

        Respondent and Cross-Petitioner Amit Gupta submits this memorandum of law in support of his unopposed motion to keep under seal certain documents filed by Petitioners Morgan Stanley & Co. LLC and Morgan Stanley Capital Group, Inc. ("Morgan Stanley").

        Gupta further submits this memorandum of law in support his unopposed motion to file under seal the record of the arbitration proceeding (the "Arbitration") that resulted in the award that is the subject of Respondent's Opposition to Morgan Stanley's Petition to Vacate Arbitration Award and in Respondents' forthcoming Cross-Petition to Confirm Arbitration Award, to be served on Morgan Stanley on October 25, 2013 and filed with the Court (the "Opposition and Cross-Petition"), as well as leave to file under seal the memorandum of law and declarations, and the exhibits thereto, to be submitted in support of the Opposition and Cross-Petition, each of which reflect substantial portions of the Arbitration record. *See* Declaration of Christopher M. Colorado, dated October 24, 2013, at ¶ 10 ("Colorado Aff.").

        Pursuant to a Financial Industry Regulatory Association ("FINRA") Arbitration Submission Agreement, dated August 16, 2011, the parties agreed to resolve certain disputes

2873935.1

between them before FINRA.  Colorado Aff. ¶ 2 & Ex. A.  In November 2011, the parties' mutually agreed that no document discovery would be produced until the parties executed a mutually agreeable confidentiality agreement to govern disclosure of that discovery.  *Id.* ¶¶ 3, 6.  On December 27, 2011, following more than a month of negotiation concerning the form and substance of that agreement, the parties executed the Stipulated Protective Order.  *Id.* ¶ 4 & Ex. D.  That Protective Order was then submitted to FINRA for so ordering by the Panel.  *Id.* ¶ 4.  Among other things, the Stipulated Protective Order precludes the public disclosure of documents or other information obtained by the parties in connection with the Arbitration as well as transcripts of the Arbitration hearings.  *See Id.* ¶ 4 & Ex. D.

   The evidence and testimony which comprise the Arbitration record filed to be filed include sensitive and confidential business information related to both Petitioner and Respondent, including, among other things, non-public financial information (*e.g.*, group and individual revenue figures), employee compensation information (including for persons who are not a party to this Arbitration), tax related information, proprietary business practices (*e.g.*, trading strategies and the effectuation of those strategies by both Morgan Stanley and Gupta), and proprietary compliance practices and manuals issued by Morgan Stanley.  *Id.* ¶ 8.  Given the sensitivity of this information and the expectation that it would remain private, the court may properly seal the Arbitration record.

   While there is a presumption in favor of public access to documents filed in this Court, this presumption must be balanced against the interests of litigants in maintaining the confidentiality of proprietary information.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Neither the interests of public access nor litigants' privacy are absolute values.  *Id.*  And, this court "enjoys considerable discretion in determining when good cause exists to

overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Reality Co.*, 212 F.3d 734, 738 (2d Cir. 2000).  Against this background, a document should only be unsealed if (1) the document is a "judicial document" – that is, if the court finds it useful in the judicial process; and (2) the court determines that the interests in public access to the document (if any) outweigh the privacy interests of the party seeking sealing.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006); *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005 WL 1522783, at *4 (E.D.N.Y. June 28, 2005) ("[T]here is no presumption of access to the terms of such confidential settlement agreements absent extraordinary circumstances or a compelling need.").

The Second Circuit and this Court have endorsed the filing of arbitration records, and references thereto, under seal in connection with petitions to vacate or confirm arbitration awards under circumstances like these.  *See, e.g.*, *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826-28 (2d Cir. 1997) (holding that this Court did not abuse its discretion by sealing entire file other than court orders and opinions in connection with petition to vacate NASD arbitration award where documents were subject to confidentiality agreement in arbitration proceeding); *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, No. 06-CV-420, Order (S.D.N.Y. Jan 20, 2006) (granting motion to seal petition to vacate arbitration award, supporting exhibits, and memorandum of law because they "contain[ed] confidential business documents and the proceedings of a confidential maritime arbitration").  *See* Colorado Aff. Ex. E.

The rationale of those cases applies equally here.  First, at this early stage of this action to confirm the Arbitration award, it is premature to determine what, if anything, filed with the Court is a "judicial document" to which any presumption of disclosure might attach.  *See*

*Amodeo*, 44 F.3d at 145 ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.").

Second, and most importantly, the public filing of the Arbitration record, exhibits to supporting declaration to be filed which reflect that record, and references to the record in the memorandum of law to be filed by Gupta, would reveal substantial sensitive and proprietary information of, and about, the parties. The filing of such sensitive information under seal has repeatedly been held to be proper.

The parties to the Arbitration fully expected that the information disclosed in connection with the Arbitration and during the twelve-days of testimony and argument would remain confidential. The interest in maintaining the confidentiality of Arbitration proceedings which occur under an expectation of privacy is a significant and serves the federal policy of resolving disputes outside of the judicial system. *See Fireman's Fund*, 2005 WL 1522783, at *3 (recognizing the "strong public interest in preserving the confidentiality of arbitration proceedings" and stating that "protecting confidentiality" resulting from arbitrations promotes federal policy); *see also DiRusso*, 121 F.3d at 826-28. This case is no different. The parties took extraordinary steps to craft a confidentiality agreement pursuant to which the Arbitration would occur, including procuring witness testimony from third parties with the understanding that what those persons said before the Arbitration panel would remain confidential. This expectation of privacy weighs heavily in favor of sealing.

In addition, the Arbitration record contains substantial private, personal, and commercially sensitive information which is not properly publicly disclosed. Where information is commercially sensitive or invades the privacy of an individual such that the parties may be negatively impacted by its disclosure, that information should be sealed. *See, e.g.*, *GoSMiLE,*

4

*Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649-650 (S.D.N.Y. 2011); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 425 (E.D.N.Y. 2007) (sealing documents reflecting confidential proprietary material). Here, the Arbitration record includes, among other things, private and sensitive human personnel related information, including evaluation of Gupta's trading strategies and other performance, private compensation and salary information, and private tax information. The record also includes other commercially sensitive or private information, including trading strategies used by Gupta and Morgan Stanley, compliance manuals and related materials, salary information of Morgan Stanley's employees, and attorney-client communications in which Gupta participated and legal advice received by him. This is precisely the type of information that is properly sealed.

    Lastly, any public interest in the sealed material (to the extent any such interest exists) is satisfied by the information concerning the dispute between Gupta and Morgan Stanley which is, or will be, publicly available. While it is not clear what public interest might be served by disclosures related to Morgan Stanley's personnel decisions impacting one private individual, the fact that information concerning the core facts of the dispute between Gupta and Morgan Stanley are already available weighs against disclosure. *See DiRusso*, 121 F.3d at 827-28. FINRA has already made publicly available the full Arbitration award issued by Judge Bissell and Mr. Robinson, including the sum awarded and the calculation thereof. In addition, presumably, any Opinion and Order of this Court granting or denying the relief sought by the parties in their respective Petition to Vacate and Cross-Petition to Confirm Arbitration Award will also be available to the public. That this information is publicly available weighs against further disclosure, including of the Arbitration record and references thereto in the respective filings of the parties.

For the reasons discussed herein, and in the accompanying Declaration of Christopher M. Colorado, dated October 24, 2013, Respondent requests that the Court grant his Motion to Keep Documents Under Seal and to File the Arbitration Record and Related Documents Under Seal.

Dated: New York, New York
October 24, 2013

Respectfully submitted,

*/s/ CMC/*

Eric Seiler (eseiler@fklaw.com)
Amy C. Brown (abrown@fklaw.com)
Christopher M. Colorado (ccolorado@fklaw.com)
FRIEDMAN, KAPLAN, SEILER
& ADELMAN LLP
7 Times Square
New York, New York 10036
(212) 833-1100

*Attorneys for Respondent Amit Gupta*