UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN STANLEY & CO., LLC and MORGAN STANLEY CAPITAL GROUP, INC.,<br><br>         Petitioner,<br><br>    v.<br><br>AMIT GUPTA,<br><br>         Respondent. | No. 13-cv-6383 (TPG)<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

    Petitioners Morgan Stanley & Co., LLC and Morgan Stanley Capital Group, Inc. (together "Morgan Stanley" or the "Firm"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their application to file under seal the following document in this action in connection with Morgan Stanley's petition to vacate the arbitration award issued in favor of Respondent Amit Gupta ("Gupta"):  an unredacted version of Petitioner's Memorandum of Law in Further Support of Petition to Vacate and in Opposition to Respondent's Petition to Confirm Arbitration Award.

**FACTUAL BACKGROUND**

    This action arises out of Morgan Stanley's decision to terminate Gupta's employment with the Firm after Gupta failed to cooperate with an investigation made by the U.S. Commodity Futures Trading Commission ("CFTC") and the New York District Attorney ("NYDA"). Following his termination for Cause, Gupta filed a FINRA Dispute Resolution Arbitration (the "Arbitration") against Morgan Stanley on March 3, 2011 asserting causes of action for breach of contract and unjust enrichment.  In connection with that action, the parties signed a protective order (the "Protective Order") that deemed all documents, information, and trial transcripts

1

would be kept confidential by the parties, and that "[t]he parties . . . shall take reasonable efforts to ensure that any "CONFIDENTIAL" information filed in any court proceedings arising out of this arbitration . . . shall be filed in a sealed envelope and kept under seal by the clerk of the court until further order of the court." *See* Declaration of Rachel E. Epstein, Exhibit 1.

Subsequently, an arbitration hearing was held in front of a three-arbitrator panel, and on August 29, 2013, a majority of the Panel issued an award (the "Award"), ruling that Gupta should be compensated for approximately $4 million in forfeited deferred cash and stock units that had been forfeited as a result of Gupta's termination for Cause, plus pre-judgment interest. The Panel majority denied Gupta recovery on his other claims. In dissent, Judge John Martin (ret.) issued a ten page opinion, stating that the Award "disregard[s] the clear terms of [the] employment contract and relevant deferred compensation plans," "ignore[s] the plain language of Morgan Stanley's Code of Conduct and the relevant deferred compensation certificates," and thus reaches a conclusion for which "there is no basis in the relevant document and this record . . . ." For the reasons set forth in its Memorandum of Law in Support of its Petition to Vacate Arbitration Award, filed concurrently herewith, Morgan Stanley brings the instant action to vacate the Award.

Certain documents and information produced during the Arbitration, including testimony and argument that took place during the arbitration hearing, are critical to the instant Petition. Morgan Stanley thus references the arbitration hearing transcript and many documents produced during the Arbitration at length in its Memorandum of Law in Further Support of Petition to Vacate and in Opposition to Respondent's Petition to Confirm Arbitration Award. But under the Protective Order, Morgan Stanley has an obligation not to make these documents or their content

2

public.  Accordingly, Morgan Stanley files this application to seal in connection with its obligations under the Protective Order.

## ARGUMENT

The Second Circuit has held that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (internal quotation marks and citation omitted) (affirming district court's order placing the entire case file, except for the court's opinions and orders, under seal); *see also Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (trial court has "considerable discretion" in "consider[ing] a request to seal a file or to approve or take other protective measures").  In exercising that discretion, the Court must first determine whether a presumption of access applies pursuant to either the common law or the First Amendment.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, *id.* at 119, the weight of the presumption varies depending on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The presumption of access must be balanced against "competing considerations." *Id.* at 120 (internal quotation marks and citation omitted).  Among the relevant countervailing factors are the "privacy interests of those resisting disclosure" and the "nature and degree of injury" that will result from disclosure.  *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

The qualified presumption of access to materials that arises under the First Amendment can also be rebutted.  Even where the presumption applies, documents may still be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve

3

higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted).

It is respectfully submitted that here, Morgan Stanley's Petition depends on documents and information designated CONFIDENTIAL under the parties' Protective Order. Morgan Stanley's Memorandum of Law in Further Support of Petition to Vacate and in Opposition to Respondent's Petition to Confirm Arbitration Award is replete with references to such documents and information. If it cannot file a redacted version of its Memorandum of Law under seal, it will be unable to exercise its statutory right to petition for vacatur under § 10 of the Federal Arbitration Act, 9 U.S.C. § 10, without breaching its obligations under the Protective Order. In recognition of this very dilemma, this Court has already granted two orders allowing Morgan Stanley to file very similar documents under seal in this litigation, including Morgan Stanley's original Memorandum of Law in Support of its Petition to Vacate Arbitration Award.

Thus, given the "nature and degree of injury" that will likely result from disclosure of the information and documents accompanying Morgan Stanley's Petition, *Amodeo*, 71 F.3d at 1051, Morgan Stanley seeks to once again file such documents and information under seal. Morgan Stanley respectfully notes that the underlying Award is public, as will be this Court's decision in this action and any evidence cited therein—the public will thus have access to the information supporting this Court's eventual decision and the ability to effectively monitor that judgment. *Cf. Lugosch*, 435 F.3d at 127. Moreover, if this application is granted, Morgan Stanley will file a redacted version of its Memorandum of Law, and such redactions will be narrowly tailored to withhold *only* that information that is confidential under the Protective Order.

## CONCLUSION

For the foregoing reasons, Petitioner Morgan Stanley respectfully requests that this Court grant its application to file under seal an unredacted version of Plaintiff's Memorandum of Law

4

in Further Support of Petition to Vacate and in Opposition to Respondent's Petition to Confirm Arbitration Award.

DATED:   New York, New York
         November 19, 2013

                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
   Michael B. Carlinsky
   michaelcarlinsky@quinnemanuel.com
   Jeniffer J. Barrett
   jenniferbarrett@quinnemanuel.com
   Nicholas J. Calamari
   nicholascalamari@quinnemanuel.com
   Rachel E. Epstein
   rachelepstein@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   (212) 849–7000

*Attorneys for Petitioners Morgan Stanley & Co. LLC and Morgan Stanley Capital Group, Inc.*